SPIEGEL & UTRERA, P.C.
Michael Okayo State Bar No. 249466
8939 S. Sepulveda Blvd.
Suite 400
Los Angeles, CA 90045
Telephone: 800-603-3900
Fax: (310) 258-9400
attorneyokayo@amerilawyer.com

Attorneys for
FUN ZONE AMUSEMENTS CORP.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### FRESNO DIVISION

| | |
|---|---|
| FUN ZONE AMUSEMENTS CORP., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ADAM OBAID, an individual; THE FUN ZONE, a business entity of unknown form; and DOES 1–10, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR:**<br>1. **FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**<br>2. **FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION (15 U.S.C. § 1125(A));**<br>3. **TRADEMARK DILUTION (15 U.S.C. § 1125(C));**<br>4. **CALIFORNIA STATUTORY UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200);**<br>5. **CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION;**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff FUN ZONE AMUSEMENTS CORP. ("Plaintiff" or "Fun Zone") brings this action against Defendants ADAM OBAID, THE FUN ZONE, and DOES 1–10 (collectively, "Defendants") for their unauthorized use of Plaintiff's federally registered trademark FUN ZONE ARCADE (Reg. No. 8227229) and associated trade dress in the operation of a competing family arcade and amusement business. Defendants' infringing conduct is likely to cause, and has caused, consumer confusion as to the source, sponsorship, and affiliation of Defendants' goods

1

COMPLAINT

and services, and threatens to dilute the distinctive quality of Plaintiff's famous mark. Plaintiff seeks injunctive relief, actual and statutory damages, disgorgement of profits, attorneys' fees, and all other available relief.

## PARTIES

1.      Plaintiff FUN ZONE AMUSEMENTS CORP. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 13000 Folsom Blvd #907, Folsom, CA 95630. Since 2022, Plaintiff has continuously operated family amusement and arcade centers under the FUN ZONE ARCADE mark in California and Nevada, including locations within this judicial district.

2.      Defendant Adam Obaid is an individual who resides in California, who, upon information and belief, owns, operates, and controls the infringing business known as "The Fun Zone."

3.      Defendant The Fun Zone is a business entity of currently unknown form operating in Wasco, California, within this judicial district, under a name and with trade dress that infringes Plaintiff's registered mark and trade dress.

4.      Defendants Does 1 through 10 are individuals and/or entities whose identities are currently unknown to Plaintiff who are responsible, in whole or in part, for the acts complained of herein. Plaintiff will amend this Complaint to identify Doe Defendants when their identities are ascertained.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), as those claims arise under the Lanham Act, 15 U.S.C. §§ 1051 et seq. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are so related to the federal claims as to form part of the same case or controversy.

COMPLAINT

6.    This Court has personal jurisdiction over Defendants because Defendants reside in and/or conduct substantial business within California and within this judicial district, and because the acts of infringement complained of herein occurred and continue to occur within this district.

7.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants reside in this district and a substantial part of the events giving rise to the claims occurred in this district, including Defendants' ongoing infringing activities in Wasco, California.

## STATEMENT OF FACTS

### A.  Plaintiff's Trademark and Trade Dress Rights

8.    Plaintiff FUN ZONE AMUSEMENTS CORP. has been continuously using the FUN ZONE ARCADE mark in commerce in connection with the operation of family amusement and arcade centers since at least 2022.

9.    Plaintiff is the owner of United States Trademark Registration No. 8227229 for the mark FUN ZONE ARCADE (Serial No. 98745264), registered in International Class 041 for "physical arcade gaming facility with games and vending machines" (the "Registered Mark"). A true and correct copy of the USPTO trademark record is attached hereto as *Exhibit A.*

10.    Plaintiff has invested substantial time, money, and effort in developing and promoting the FUN ZONE ARCADE brand, including through its logos, color schemes, graphic designs, signage, displays, and overall trade dress (collectively, the "Fun Zone Trade Dress").

11.    As a result of Plaintiff's extensive use and promotion of its mark and trade dress, the FUN ZONE ARCADE mark has become well-known among consumers as identifying and distinguishing Plaintiff's amusement and arcade services, and the mark has acquired substantial goodwill.

12.    Plaintiff currently operates three Fun Zone Arcade locations in California and Nevada, and has established a significant customer base in those markets.

3

## B.  Defendants' Infringing Conduct

13.    Upon information and belief, without Plaintiff's authorization or consent, Defendants have adopted and are using the name "The Fun Zone" and trade dress substantially similar to Plaintiff's Fun Zone Trade Dress in connection with the operation of a competing family arcade and amusement business in Wasco, California.

14.    Defendants' business name "The Fun Zone" is confusingly similar to Plaintiff's registered FUN ZONE ARCADE mark in sight, sound, and meaning.

15.    Defendants operate in the identical industry—family amusement and arcade centers—as Plaintiff, and within the same geographic area as Plaintiff's existing California operations.

16.    Defendants' signage, logos, designs, color schemes, promotional materials, and social media content are substantially similar in shape, appearance, colors, and overall commercial impression to Plaintiff's protected marks and trade dress.

17.    On or about March 26, 2026, Plaintiff's counsel sent Defendants a formal cease and desist letter demanding that Defendants immediately stop all infringing use of Plaintiff's protected mark and trade dress. A true and correct copy of that letter is attached hereto as *Exhibit B.*

18.    Defendants have failed to comply with the demands in Plaintiff's cease and desist letter and have continued their infringing activities.

19.    Defendants' infringing use of Plaintiff's mark and trade dress is likely to cause consumer confusion, mistake, or deception as to the source, origin, sponsorship, or affiliation of Defendants' goods and services, and has caused and will continue to cause irreparable harm to Plaintiff.

## CLAIMS FOR RELIEF

### Count I - Federal Trademark Infringement – 15 U.S.C. § 1114

20.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 19 as if fully set forth herein.

4

COMPLAINT

21.     Plaintiff owns the federally registered trademark FUN ZONE ARCADE, U.S. Reg. No. 8227229, which is valid, subsisting, and in full force and effect.

22.     Without the consent of Plaintiff, Defendants have used in commerce a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's Registered Mark in connection with the sale, offering for sale, distribution, and advertising of services in a manner that is likely to cause confusion, mistake, or deception as to the source or sponsorship of such services, in violation of 15 U.S.C. § 1114.

23.     Defendants' infringement has been willful, deliberate, and in bad faith, entitling Plaintiff to enhanced damages and attorneys' fees pursuant to 15 U.S.C. § 1117.

24.     As a direct and proximate result of Defendants' infringement, Plaintiff has suffered and continues to suffer irreparable harm, for which there is no adequate remedy at law, and monetary damages in an amount to be proven at trial.

**Count II - False Designation of Origin / Unfair Competition – 15 U.S.C. § 1125(a)**

25.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 19 as if fully set forth herein.

26.     Plaintiff owns distinctive trade dress and unregistered marks associated with the FUN ZONE ARCADE brand, including its logo, color schemes, design elements, and overall commercial appearance.

27.     Defendants' use of a confusingly similar name, marks, and trade dress in connection with competing services constitutes a false designation of origin, false or misleading description of fact, and false or misleading representation of fact that is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff, in violation of 15 U.S.C. § 1125(a).

28.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages and irreparable harm.

COMPLAINT

## Count III - Federal Trademark Dilution – 15 U.S.C. § 1125(c)

29.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 19 as if fully set forth herein.

30.     Plaintiff's FUN ZONE ARCADE mark is famous and distinctive within the family amusement and arcade industry and among the consuming public in the relevant geographic market.

31.     Defendants' use of a substantially similar name and trade dress commenced after Plaintiff's mark became famous, and is likely to cause dilution by blurring the distinctive quality of Plaintiff's mark, in violation of 15 U.S.C. § 1125(c).

32.     Defendants' diluting conduct has been willful, entitling Plaintiff to damages, disgorgement, and attorneys' fees pursuant to 15 U.S.C. §§ 1117 and 1125(c)(5).

## Count IV - California Statutory Unfair Competition – Cal. Bus. & Prof. Code § 17200

33.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 19 as if fully set forth herein.

34.     Defendants' unauthorized use of Plaintiff's mark and trade dress constitutes unlawful, unfair, and/or fraudulent business acts and practices within the meaning of California Business and Professions Code § 17200.

35.     Defendants' conduct is unlawful in that it violates the Lanham Act, California Business and Professions Code § 14245, and other applicable federal and state laws.

36.     Defendants' conduct is unfair in that it creates an unfair competitive advantage by trading on the goodwill and reputation Plaintiff has built in the FUN ZONE ARCADE mark, and causes harm to Plaintiff that outweighs any conceivable benefit.

37.     As a result of Defendants' unlawful, unfair, and fraudulent conduct, Plaintiff is entitled to restitution, disgorgement of Defendants' unjust enrichment, and injunctive relief pursuant to California Business and Professions Code § 17203.

COMPLAINT

**Count V - California Common Law Trademark Infringement and Unfair Competition**

38.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 19 as if fully set forth herein.

39.    Plaintiff has common law trademark rights in the FUN ZONE ARCADE mark and related trade dress arising from Plaintiff's continuous and exclusive use in commerce in California since at least 2022.

40.    Defendants' unauthorized use of a confusingly similar name, mark, and trade dress constitutes trademark infringement and unfair competition under California common law.

41.    As a proximate result of Defendants' conduct, Plaintiff has been damaged in an amount to be proven at trial, and has suffered and will continue to suffer irreparable harm to its reputation and goodwill.

**PRAYER FOR RELIEF**

WHEREFORE, FUN ZONE AMUSEMENTS CORP., prays for judgment against Defendants, and each of them, as follows:

a.    A preliminary and permanent injunction enjoining Defendants and their agents, employees, successors, and assigns from: (i) using the name "The Fun Zone" or any confusingly similar name, mark, or trade dress; (ii) using any mark, name, logo, color scheme, or design that is confusingly similar to Plaintiff's FUN ZONE ARCADE mark or trade dress; and (iii) engaging in any other conduct likely to cause confusion with Plaintiff's brand;

b.    An order requiring Defendants to destroy or deliver up for destruction all infringing materials, including signage, promotional materials, and social media content;

c.    Actual damages suffered by Plaintiff as a result of Defendants' infringement, in an amount to be determined at trial;

7

d.  Disgorgement of all profits Defendants have derived from their infringing activities pursuant to 15 U.S.C. § 1117(a);

e.  Treble damages and/or enhanced damages pursuant to 15 U.S.C. § 1117 based on the willful nature of Defendants' infringement;

f.  Statutory damages as available under applicable law;

g.  Restitution and disgorgement of unjust enrichment under California Business and Professions Code § 17203;

h.  Reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and other applicable law;

i.  Costs of suit; and

j.  Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED this 29th day of June 2026.

SPIEGEL & UTRERA, P.C.
*/s/ Michael Okayo*
Michael Okayo State Bar No. 249466
8939 S. Sepulveda Blvd.
Suite 400
Los Angeles, CA 90045
Telephone: 800-603-3900
Fax: (310) 258-9400
attorneyokayo@amerilawyer.com

8

COMPLAINT